IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL ADRIAN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-22-317-D |
| THE GEO GROUP INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**O R D E R**

This case comes before the Court for review of the Report and Recommendation [Doc. No. 15] issued May 25, 2022, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Complaint under 28 U.S.C. § 1915A, Judge Erwin finds that Plaintiff fails to state official-capacity claims against the individual defendants and fails to state a plausible claim under 42 U.S.C. § 1983 against Defendants GEO Group, Inc., Warden Mark Bowen, and Medical Administrator Honicker, but that Plaintiff has stated § 1983 claims for damages against Defendants Nurse Achidi and Nurse Smith.

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 16] that is liberally construed.[1] Plaintiff primarily challenges the recommended dismissal for failure to state a § 1983 claim against Defendants GEO Group, Bowen, and Honicker. Plaintiff addresses his official-capacity claims only by arguing that GEO Group is acting as an agent

---

[1] The Court must liberally construe *pro se* pleadings and arguments but cannot act as an advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

of the State of Oklahoma. *See* Obj. at 2.  This argument misconstrues the concept of official capacity, which is a means of suing a governmental entity through an officer, and is inapposite.[2]   The Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* consideration of the issues raised by the Objection, the Court fully concurs in Judge Erwin's findings and conclusion that the Complaint fails to state plausible § 1983 claims against Defendants GEO Group, Bowen, and Honicker.  As to GEO Group, Plaintiff does not allege a factual basis for § 1983 liability as required by *Monnell* and its progeny.[3]  In his Objection, Plaintiff simply argues that the facility's handbook was not followed and vicarious liability principles should apply.  As to Warden Bowen and Medical Administrator Honicker, Plaintiff does not allege a factual basis for supervisory liability.  Conclusory allegations that Defendants collectively failed to prevent misconduct by the defendant nurses is insufficient. Judge Erwin states the correct principles of § 1983 liability and properly applies them to the allegations of the Complaint.   Thus, the Court adopts Judge Erwin's findings and conclusions in their entirety.[4]

---

[2]  As explained in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989):  "[A] suit against a state official in his or her official capacity is . . . a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985).   As such, it is no different from a suit against the State itself.  *See*, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) . . . ."

[3]  *See Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[4]  These same principles of municipal and supervisory liability under § 1983 have been repeatedly explained to Plaintiff; a prior case attempting to bring the same claims was dismissed on this basis.  *See Adams v. GEO Group, Inc.*, Case No. CIV-21-297-D, Order (W.D. Okla.

With his Objection, Plaintiff filed an "Amended Complaint" [Doc. No. 17]. The document adds conclusory allegations regarding Defendant Honicker, adds claims and parties, but omits claims against the original defendants (including Defendants Achidi and Smith). *See* Fed. R. Civ. P. 15(d). If accepted, this pleading may have unintended consequences because it appears that Plaintiff intends to add new matter to the Complaint rather than replace it. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (amended complaint "supersedes the original and renders it of no legal effect"). For purposes of this Order, the Court disregards the filing and leaves to Judge Erwin (who has retained the case under referral) whether to accept Plaintiff's proposed amendment or require him to replead. The recommended dismissal, which is adopted, is a dismissal without prejudice to further amendment.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. Nos. 15] is **ADOPTED**. Plaintiff's action against Defendants GEO Group, Inc., Mark Bowen, and Medical Administrator Honicker is **DISMISSED** without prejudice. All official-capacity claims are **DISMISSED** with prejudice. The case remains under referral to Judge Erwin for further proceedings.

**IT IS SO ORDERED** this 1st day of July, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

Mar. 25, 2022) (finding allegations that GEO Group and Bowen overlooked conduct by medical personnel were insufficient). Thus, the Court finds no further explanation is needed.