IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL ADRIAN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-317-D |
| THE GEO GROUP INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court for review is the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) on September 7, 2022. Upon initial screening of the First Amended Complaint [Doc. No. 28] under 28 U.S.C. § 1915A, Judge Erwin finds that Plaintiff cannot bring a claim under HIPAA[1] against Defendant Walker, Ferguson & Ferguson, that Plaintiff fails to state a plausible claim under 42 U.S.C. § 1983 against Defendants GEO Group, Inc. and Warden Mark Bowen, but that Plaintiff has stated § 1983 claims against Defendants Honicker, Achidi, and Smith.

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 36] that is liberally construed.[2] Plaintiff challenges the recommended dismissals of both his HIPAA

---

[1] Health Insurance Portability and Accountability Act of 1996, specifically, 42 U.S.C. § 1320d *et seq*. (regarding protected health information).

[2] The Court must liberally construe *pro se* pleadings and arguments but cannot act as an advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claim and § 1983 individual-capacity claims against Defendants GEO Group and Bowen.[3] The Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court fully concurs in Judge Erwin's conclusions that Plaintiff cannot bring a claim for damages under HIPAA and the First Amended Complaint fails to state plausible § 1983 claims against Defendants GEO Group Inc. and Warden Bowen. "Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267, n.4 (10th Cir. 2010); *see Freier v. Colo.*, 804 F. App'x 890, (10th Cir. 2020) (unpublished) (2009 amendment to HIPAA did not affect holding of *Wilkerson*).[4] Further, Judge Erwin states the correct principles of § 1983 liability for the corporate and supervisory defendants and properly applies them to the allegations of the First Amended Complaint. Thus, the Court adopts Judge Erwin's findings and conclusions in their entirety.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 35] is **ADOPTED**. Plaintiff's action against Defendants GEO Group, Inc. and Mark Bowen is **DISMISSED** without prejudice. Plaintiff's action against Defendant Walker,

---

[3] Plaintiff's official-capacity claims against these defendants were previously dismissed. *See* 7/1/22 Order [Doc. No. 18].

[4] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Ferguson & Ferguson is **DISMISSED WITH PREJUDICE**. The case remains under referral to Judge Erwin for further proceedings.

**IT IS SO ORDERED** this 4th day of October, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge